

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Keelan F. Diana*  *Suite 400*  DIRECT: 410-209-4958
*Special Assistant United States Attorney*  *36 S. Charles Street*  MAIN: 410-209-4800
*Keelan.Diana@usdoj.gov*  *Baltimore, MD 21201-3119*  FAX: 410-962-3124

January 20, 2023

The Honorable Ellen L. Hollander
United States District Judge
United States Courthouse
101 W. Lombard Street
Baltimore, Maryland 21201

      Re:    United States v. Gregory Santos
                Crim. No. 21-103-ELH

Dear Judge Hollander:

      The Government submits this letter in advance of sentencing in the above-captioned case, which is scheduled for February 3, 2023 at 2:30 p.m. The Government respectfully recommends that the Court impose a sentence of 96 to 120 months of imprisonment on the Defendant, Gregory Santos (the "Defendant"), pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and the terms of the plea agreement entered into by the Parties on October 24, 2022.

## Introduction

      The Defendant was arrested after fleeing from Baltimore Police Department ("BPD") officers in a SUV, speeding recklessly through a posted school zone and violating numerous traffic laws. PSR, ¶¶ 6-7 (ECF No. 45). As BPD officers pursued him, the Defendant threw a loaded Glock 9mm semiautomatic pistol from the window of his vehicle. *Id.* at ¶¶ 7-8. Shortly after the Defendant was arrested, he made recorded jail calls in which he openly conspired with his girlfriend to distribute narcotics stashed in his residence—narcotics that BPD officers recovered when they executed a search warrant. *Id.* at ¶¶ 9-10.[1] Altogether, the Defendant had over 1,000 grams of powder cocaine and 770 grams of fentanyl at his residence. *Id.*

      On October 24, 2022, the Defendant pled guilty to a two-count Superseding Information, admitting that he violated 18 U.S.C. § 922(q)(2) when he possessed a firearm in a school zone and 21 U.S.C. § 846 when he conspired to distribute and possessed with the intent to distribute

---

[1] The Government incorporates the factual record as laid out in the Presentence Investigation Report ("PSR") and the Stipulation of Facts filed as Attachment A to the Defendant's October 24, 2022 plea agreement. *See* ECF Nos. 45 (¶¶ 6-10); 41.

1

cocaine and fentanyl. For the reasons stated below, the Government believes that the agreed-upon sentence of 96 to 120 months of imprisonment is sufficient but not greater than necessary to comply with the objectives set forth in 18 U.S.C. § 3553(a).[2]

## Sentencing Procedure

In *Gall v. United States*, 552 U.S. 38 (2007), the Supreme Court of the United States set forth a multi-step process for imposing sentence in a criminal case. 552 U.S. at 51–52. A sentencing court should begin by correctly calculating the applicable guidelines range under the United States Sentencing Guidelines ("USSG"). *Id.* at 49–50. After providing the parties with an opportunity to present argument, the court should consider the factors set forth in 18 U.S.C. § 3553(a), "mak[ing] an individualized assessment based on the facts presented." *Id.* at 50; *accord United States v. Diosdado-Star*, 630 F.3d 359, 363 (4th Cir. 2011). If the court "decides that an outside-[g]uidelines sentence is warranted, [it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.*

## Sentencing Guidelines and Criminal History Calculation

The Government acknowledges the criminal history calculation set forth in the Presentence Investigation Report ("PSR"). ECF No. 45, ¶¶ 37-43. The Government also agrees with the Sentencing Guidelines calculations set forth in the PSR, but raises the possibility that the five criminal history points assigned for the Defendant's August 23, 2004 conviction for first degree assault should in fact represent a single count of conviction, thus reducing the Defendant's criminal history category. *See id.* at ¶¶ 37-39. If these three convictions are elided into a single count of conviction, the Defendant's criminal history computation would decrease by two points, from 14 to 12, and thus his Criminal History Category would be V rather than VI.

## Factors Set Forth in 18 U.S.C. § 3553(a)

The factors set forth in 18 U.S.C. § 3553(a) include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the Defendant; (6) the need to provide the Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentencing disparity among defendants involved in similar conduct who have similar records. 18 U.S.C. § 3553(a).

### Nature and Circumstances of the Offense, Seriousness of the Offense, and the Need to Protect the Public From Further Crimes of the Defendant (18 U.S.C. § 3553)(a)(1)-(2))

At 33 years old, with numerous prior felony convictions, the Defendant was arrested for fleeing police officers in his vehicle while in possession of a loaded semiautomatic pistol in a

---

[2] The Government reserves the right to supplement this memorandum with evidence and argument at the sentencing hearing.

school zone. While in jail pending state charges, the Defendant conspired to distribute dangerous narcotics, including cocaine and fentanyl. PSR, ¶¶ 37-43, 6-10. The nature and circumstances of the Defendant's offense call for a sentence that reflects the seriousness of the Defendant's conduct. In this case, the Defendant's conduct involved not only firearm possession, but possession of a loaded semiautomatic pistol in a posted school zone. And not only did the Defendant engage in narcotics trafficking—he conspired to offload large quantities of CDS while in law enforcement custody. The Defendant's disregard for the safety of citizens in one of the most dangerous cities in the United States—a city that recorded 293 homicides caused by firearms in 2021 alone, out of 338 total homicides—demands a significant sentence.[3] The possession of a loaded firearm in a school zone endangers some of the most vulnerable members of the public. As gun-related violence in Baltimore City continues to soar, such reckless indifference to public safety should be roundly discouraged

<u>History and Characteristics of the Offender (18 U.S.C. § 3553(a)(1))</u>

Eight to ten years represents a significant period of incarceration. For the Defendant, who is well-acquainted with the criminal justice system, it would not be inconsistent with sentences he has received for his past criminal conduct, including first degree assault and possession with the intent to distribute CDS. *Id.* at ¶¶ 37-43. It is worth noting that almost all of the Defendant's convictions are more than ten years old, however, and the bulk of them were committed when he was between the ages of 17 and 19 (including the three convictions for first degree assault that seem to stem from the same incident). While the Defendant's conduct in the present case is indeed serious, the criminal history score assigned to him may overstate both his dangerousness and his propensity to reoffend.

<u>The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Rule of Law, and to Afford Adequate Deterrence to Criminal Conduct (18 U.S.C. § 3553(a)(2))</u>

In crafting the Defendant's sentence, the Court should consider the seriousness of the Defendant's conduct and the need to promote respect for the rule of law. Firearms and CDS offenses involve significant and ongoing threats to public health and safety. Nevertheless, in light of the mitigating factors discussed above, the Government believes that a below-guidelines sentence provides just punishment for the Defendant's conduct. This result also conserves judicial resources by respecting the agreed-upon terms of the Parties' plea agreement.

## **Conclusion**

For the reasons stated above, the United States respectfully submits that a sentence of 96 to 120 months of imprisonment would be sufficient but not greater than necessary to achieve the purposes of sentencing under 18 U.S.C. § 3553(a).

We sincerely thank the Court for its consideration in this matter.

---

[3] Data taken from *Baltimore Homicides*, https://homicides.news.baltimoresun.com/?range=2021&cause=shooting; https://homicides.news.baltimoresun.com/?range=2021&cause=all (last accessed December 19, 2022).

                                                Very truly yours,

                                                Erek L. Barron
                                                United States Attorney

                                                    /s/
                                                Keelan F. Diana
                                                Special Assistant United States Attorney

cc:    Andrew C. White, Esq.